# United States Bankruptcy Court
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: Rob Abdool, ) | |
| Debtor ) | |
| ) | |
| SSN: XXX-XX-6285 ) | |
| ) | |
| ROB ABDOOL ) | Case No. 20-10617 |
| ) | Chapter 7 |
| Plaintiff ) | |
| ) | |
| vs. ) | |
| ) | |
| NAVIENT SOLUTIONS, INC., ) | |
| NAVIENT CREDIT FINANCE ) | |
| CORPORATION, ) | Adversary Proceeding No. |
| NAVIENT CORPORATION, ) | |
| SALLIE MAE BANK, and ) | **COMPLAINT TO DETERMINE THE** |
| DATA SEARCH N.Y., INC., ) | **DISCHARGEABILITY OF** |
| d/b/a/ TRAKAMERICA ) | **SPECIFIC DEBTS** |
| ) | ) |
| ) | |
| Defendants ) | |
| ) | |
| Interested Party: NISA ABDOOL ) | |

1. Rob Abdool, Debtor and Plaintiff (hereinafter "Plaintiff"), petitions the Court to discharge his educational loans pursuant to 11 U.S.C. § 523(a)(8)(A)(i) because excepting his loans from discharge would impose an undue hardship on him.

**JURISDICTION AND VENUE**

2. This Adversary Proceeding arises out of the Plaintiff's Chapter 7 Case No. 20-10617, filed on March 3, 2020.

3. The adversary proceeding is brought under Rule 7001(6) of the Federal Rules of Bankruptcy Procedure.

4. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157 because this proceeding arises in and is related to a case under title 11.

5. Venue is proper pursuant to 28 U.S.C. § 1409(a) because this proceeding arises in and is related to a proceeding under title 11 in this district.

6. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) because it is a determination as to the dischargeability of particular debts.

## PARTIES

7. Plaintiff Rob Abdool is a citizen of Massachusetts and resides at 211 Prospect St, Cambridge, MA 02139.

8. Defendant PHEAA is a quasi-governmental agency headquartered in Pennsylvania.

9. Defendant Department of Navient Solutions, Inc., formerly Sallie Mae, Inc., is the servicer of Plaintiff's loan. Navient Solutions, Inc. is a Delaware corporation and a wholly-owned subsidiary of Navient Corporation.

10. Defendant Navient Credit Finance Corporation, formerly SLM Education Credit Finance Corporation, holds the promissory note and is the owner of Plaintiff's loan. Navient Credit Finance Corporation is a Delaware Corporation and a wholly-owned subsidiary of Navient Corporation.

11. Defendant Navient Corporation is a Delaware corporation with its principal place of business at 123 Justison Street, Wilmington, Delaware 19801.

12. Defendant Sallie Mae Bank is the originating lender of Plaintiff's Loan. Sallie Mae Bank is a Utah corporation with its principal place of business at 175 South West Temple, Salt Lake City, UT 84101.

13. Defendant Data Search N.Y., Inc., d/b/a TRAKAmerica is the entity charged with collecting Plaintiff's outstanding loan balance. Data Search N.Y., Inc. is a New York Corporation with its principal place of business at 27500 Riverview Center Blvd., Suite 200, Bonita Springs, FL 34134.

## FACTS

14. After serving in the United States Air Force from April 1992 to April 1995, Plaintiff began his pursuit of a Bachelor's Degree, enrolling in a few different higher education institutions and accumulating credits toward his degree.

15. In 2004, Plaintiff began study at Harvard University – Division of Continuing Education to complete his Bachelor's Degree in Philosophy. For the 2004-2005 school year, Plaintiff obtained private educational loans from Sallie Mae in a disbursed amount of $10,000 for both the Fall 2004 and Spring 2005 terms. Plaintiff also obtained a loan for the Summer 2005 term in a disbursed amount of $8,000. These private loans were cosigned by Plaintiff's sister, Nisa Abdool.

16. Plaintiff completed his studies and earned his Bachelor's Degree in 2008.

17. Plaintiff earned a Master's Degree in Philosophy from Boston University in 2012. In 2015, Plaintiff enrolled at Northeastern University to complete a second Master's Degree. Plaintiff was unable to complete his studies at Northeastern University and forced to withdraw from the degree program after an onset of severe depression. Plaintiff had

planned to attend classes in Spring 2016 but could not. Withdrawing from the program took all the energy Plaintiff had at the time. And he only left his house approximately 20 times all of 2016.

18. As of April 20, 2020, Plaintiff's educational loans from Sallie Mae total $32,771.

19. Plaintiff suffers from chronic depression, anxiety, and PTSD. His mental illnesses prevent him from obtaining or maintaining employment that would allow him to pay off his educaitonal loans.

20. Including VA Disability and Massachusetts 115B Benefits, Plaintiff's combined monthly income, as calculated in Schedule I of his Chapter 7 petition, is $1,675.00.

21. Plaintiff's monthly expenses, as calculated in Schedule J of his Chapter 7 petition, are $1,934.00.

22. Plaintiff is forty-eight years old and has no reasonable prospects for employment now or in the foreseeable future. Even if he were able to obtain employment, his mental disabilities would make it difficult to maintain the job or make anything beyond minimal income. Additionally, obtaining employment would likely result in a decrease in his Chapter 115 benefits, meaning that his financial situation would not be demonstrably improved.

23. This Court has commonly found a debtor's mental disability to meet the "truly exceptional circumstances" required for undue hardship discharge. *TI Fed. Credit Union v. DelBonis*, 72 F.3d 921, 927 (1st Cir. 1995). Plaintiff's situation is similar to the situation of debtor's who obtained relief from their student loans in this Court. In *In re Smith*, 582 B.R. 556 (Bankr. D. Mass. 2018), the debtor's psychiatric disorder impaired his ability for gainful employment. *Id.* at 568. Similarly, in *In re Ablavksy*, 504 B.R. 709

(Bankr. D. Mass. 2014), the debtor's severe mental illness "prevented him from obtaining meaningful employment and will do so long into the foreseeable future." *Id.* at 721. Here, Plaintiff's employment prospects are similarly impaired and unlikely to improve.

24. Even if all of Plaintiff's other outstanding debts are discharged, there is no foreseeable way for Plaintiff to pay back his educational loan and maintain a minimal standard of living for himself.

### COUNT I: 11 U.S.C. §523(a)(8)(A)(i)

25. Plaintiff incorporates by reference the allegations contained in paragraphs 1–24, inclusive, as if fully set forth herein.

26. Excepting Plaintiff's educational loan debts from discharge would impose undue hardship on Plaintiff, and Plaintiff petitions the Court to discharge this debt in its entirety pursuant to 11 U.S.C. §523(a)(8)(A)(i).

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays that this Court enter an order discharging Plaintiff's private educational loans owed to Defendant Navient Credit Finance Corporation, formerly SLM Education Credit Finance Corporation pursuant to 11 U.S.C. §523(a)(8)(A)(i) and enter such other and further relief as the Court deems necessary.

>
> Respectfully Submitted,
> Rob Abdool
> By her attorney:
>
> /s/ Roger Bertling
> Roger Bertling, BBO# 560246
> Legal Services Center
>   Of Harvard Law School
> 122 Boylston St.

Jamaica Plain, MA 02130
rbertlin@law.harvard.edu

Dated May 11, 2020